# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-50070
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANUEL CANTERO-PEREZ,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-384-1

———————

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Juan Manuel Cantero-Perez (Cantero) appeals his 46-month within-guidelines range sentence for illegal reentry into the United States following removal.  Cantero argues that his sentence is substantively unreasonable because the sentence was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a).  He asserts that a presumption of reasonableness should not be applied to his within-guidelines range sentence because the Guideline on

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50070

which it was based, U.S.S.G. § 2L1.2, is not empirically based, but he acknowledges that this argument is foreclosed. He asserts that his guidelines range was greater than necessary because § 2L1.2 double counted his prior convictions and because his offense was a mere trespass. He maintains that the sentence failed to reflect his personal history and characteristics because he made a decent living in the United States while only working for sustenance in Mexico and because he plans to return to Mexico where his mother resides.

A discretionary sentence imposed within the advisory guidelines range is presumptively reasonable. *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). As Cantero acknowledges, his assertion that we should not apply a presumption of reasonableness because § 2L1.2 is not empirically based is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

The district court weighed the sentencing factors, rejected Cantero's personal arguments, and imposed a within-guidelines range sentence primarily based on Cantero's criminal history. The international trespass and the double counting of prior convictions arguments that Cantero raises have both been previously rejected. *See Duarte*, 569 F.3d at 529-31; *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). As Cantero was sentenced within the guidelines range, the sentence is entitled to a presumption of reasonableness, and Cantero has not shown sufficient reason for us to disturb that presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.